IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**OLLIE T. DOWSING,**

      **Plaintiff,**

v.                                                                 Case No. 2:14-cv-02675-cgc

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

      **Defendant.**

---

**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES**

---

Before the Court is Plaintiff Ollie T. Dowsing's Petition for Attorney Fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket Entry ("D.E.") #32). The parties have consented to the jurisdiction of the Magistrate Judge. (D.E. #19). For the reasons set forth herein, Plaintiff is hereby awarded $12,862.60 in attorneys' fees.

**I.    Introduction**

Plaintiff filed her Complaint in the instant action seeking judicial review of the final decision of the Commissioner of Social Security, who denied her claim for Social Security Benefits. (D.E. #1). On April 3, 2018, this Court entered a Remand Order pursuant to Sentence Four of Section 205(g), 42 U.S.C. § 405(g), for further consideration. (D.E. #30). Specifically, this Court concluded that, based upon the evidence that was before the administrate law judge ("ALJ") and was currently in the record, the residual functional capacity ("RFC") assessment was supported by substantial evidence as the ALJ provided detailed reasons for the weight

1

accorded to the various medical opinions which were in the record; however, the Court further concluded that the ALJ's Step Five determination was deficient as the ALJ relied on a State agency vocational analysis that failed to list the number of jobs available to Plaintiff in western Tennessee and whose analysis relied only on light jobs without explanation. Moreover, the Court found that the ALJ's findings were not consistent with Social Security Ruling ("SSR") 83-14, as no vocational expert testimony was obtained despite a finding of a combination of exertional and nonexertional limitations. Accordingly, the Court remanded the case to the ALJ with instructions.

Plaintiff has now filed her Petition for Attorney Fees asserting as follows: (1) that she is a prevailing party in this litigation; (2) that the position of the Commissioner in this litigation was not substantially justified; and, (3) that her request for fees in the amount of $11,668.66 is reasonable and justified. The Commissioner does not contest either that Plaintiff is the prevailing party or that its position was not substantially justified; however, the Commissioner contends that the amount of fees requested is unreasonable. In Plaintiff's Reply, she reasserts her position as to her attorneys' fees and further requests $1,193.94 in supplemental fees for the 6.0 hours expended by Attorney Bohr in filing the Reply. Thus, in total, Plaintiff requests $12,862.60 in attorneys' fees.

**II. Analysis**

The EAJA, 28 U.S.C. § 2412(d)(1)(A), mandates an award for attorney fees and expenses to a prevailing party "brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." The United States Supreme Court has held that a party who obtains a Sentence

Four remand in a Social Security case is deemed the prevailing party for EAJA purposes. *Shalala v. Schaefer*, 113 S.Ct. 2625, 2632 (1993). Accordingly, over no contest by the Commissioner, Plaintiff shall be deemed the prevailing party.

The United States Supreme Court has further defined substantial justification as "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552 (1988). A position can be justified "even though it is not correct," and "it can be substantially (for the most part) justified if a reasonable person would think it correct, that is, if it has a reasonable basis in law in fact." *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted). Here, the Commissioner does not argue that its position was substantially justified; thus, the Court need not address this issue.

The central issue in the dispute is the amount of attorneys' fees to which Plaintiff is entitled. This Court is tasked with awarding "reasonable" attorneys' fees. *Hensley*, 461 U.S. 424, 433 (1983); *Adcock-Ladd v. Secy. of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). In determining a "reasonable" fee, the Court must first determine the "lodestar" amount, which is the product of multiplying the number of hours reasonably spent on the litigation by a reasonable hourly fee. *Id*. at 433-437. The party seeking to recover fees bears the initial burden of substantiating the hours worked and the rate claimed. *Id*. at 433. The Court may then increase or decrease that amount by considering other case-specific factors such as the quality of the plaintiff's results. *Id*. However, the lodestar is presumed to be the reasonable fee. *Blum v. Stenson*, 465 U.F. 886, 887 (1984). Here, the Commissioner does not contest the hourly rate

3

charged by Plaintiff's attorneys'; however, she does challenge the number of hours and generally argues that the fee should be decreased based upon awards in other cases.

### A. *Excessive Hours for Expert Counsel Handling "Routine" Matters*

First, the Commissioner asserts that the issues in this case were fairly routine such that they should not have required the time expended by Plaintiffs' experienced attorneys. Specifically, the Commissioner asserts that Attorney Sarah Bohr's requests for 21.0 hours to draft the brief and 12.8 hours to prepare for the oral argument are excessive. The Commissioner argues that the issues presented—residual functional capacity, medical opinion evidence, and vocational expert testimony—are not complex and that, regardless, Attorney Bohr is an extensively published expert and practitioner in the field of Social Security law. Thus, the Commissioner posits that she should be "entitled to expect some additional efficiency."

Plaintiff responds that this was "not a typical case," as it involved not only briefing but two oral arguments and was pending for nearly four years. Plaintiff states that, even with Attorney Bohr's expertise, she has to undergo the following time-consuming tasks to adequately represent her client: "[S]he must research the law to ensure that caselaw is updated and to determine if newer caselaw, regulations, rulings, or other resources will better support her client's position. She must also read each and every page of a record to make sure that her client is properly represented. Each case is unique. Her work product is thorough and obtained superior results. She does not mass produce federal court briefs with form language. This case was fact-intensive, and required a detailed knowledge of the record in order to properly present the issues before this Court." Thus, Plaintiff argues that "[t]his is certainly not only reasonable, but it is to be expected to properly handle each claimant's disability case."

With respect to the 21.0 hours Plaintiff's counsel expended in preparing the twenty-page brief, the Commissioner does not specify precisely which entries she believes to be unreasonable in Attorney Bohr's billing records. General objections to an attorneys' efficiency without any specificity may be denied. *See Agee v. Berryhill*, No. 3:12-cv-00958, 2017 WL 38888353, at *7 (M.D. Tenn. Sept. 5, 2017). Further, as other courts have noted, "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1213 (C.D. Cal. 2000). Given the nature of Social Security claims, "the expertise of plaintiff's counsel does not make the hours expended unreasonable," *Id.*, as a fair amount of time must be spent to ensure that the record is properly reviewed and the law is correctly applied. Ultimately, "[w]hen evaluating potentially time intensive processes such as research and brief writing—compared, for example, to administrative functions—it is often difficult to say that an attorney should have expended fewer hours than he did or to quantify the part that is excessive. When services are performed by a specialist, the person's professional expertise can serve as a de facto governor against excessive fees." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 608-09 (N.D. Ten. 2000). Accordingly, this Court concludes that Plaintiff has met her burden in demonstrating that the time expended in preparing her brief is reasonable.

With respect to the 12.8 hours that the Commissioner asserts were excessively expended in "preparing for oral argument, even though she had her brief to guide her," the Commissioner again does not detail which billing entries it contends are unreasonable, which is a basis for denying the objection thereto. *See Agee*, 2017 WL 38888353, at *7. Plaintiff further notes that a review of the billing records demonstrates that the 12.8 hours were not spent only preparing for

5

oral argument but instead include the following tasks: (1) "Begin preparing for oral argument; review briefs"—2.0 hours; (2) "Review supplemental authority filed by the Commissioner; Research; Prepare for oral argument"—2.5 hours; (3) "Prepare Notice of Supplemental Authority; Prepare for oral argument"—4.2 hours; (4) "Oral argument"—1.4 hours; (5) "Prepare for renewed oral argument"—1.5 hours; (6) "Renewed oral argument"—1.2 hours. Plaintiff further argues that this time is particularly reasonable given the length of time between the preparation of the initial brief in December 2014 and the oral argument over three years later in February 2018. Upon review, as the *Patterson* and *Sandoval* courts well explained, Social Security cases are fact-intensive and often require meticulous and time-consuming review. A highly experienced attorney is presumed to be well prepared to determine the amount of time necessary to represent her client appropriately. Thus, the Court concludes that Plaintiff's attorney's time expended in preparation for and during oral argument is reasonable.

### B. *Clerical or Unnecessary Tasks*

Second, the Commissioner asserts that Plaintiffs' attorneys have requested fees for excessive clerical or unnecessary tasks. Specifically, the Commissioner argues that it is unreasonable that Attorney Bohr requested 1.1 hours for preparing a motion to file a brief *pro hac vice*, 0.1 hours for reviewing the resulting order, and 1.25 hours to prepare another motion for oral argument. Further, the Commissioner argues that it is unreasonable that "much" of Attorney Christina Vinson's time relates to clerical matters such as filing the Complaint, executing summonses, corresponding with the Court and the United States Attorney's Office, and reviewing "simple orders" like reassignments. The Commissioner also argues that it is

unreasonable that Plaintiffs' attorneys made thirteen calls to their client between August 18, 2014 and January 19, 2018—a period of over three years.

Plaintiff responds that Attorney Bohr's time expended on being admitted *pro hac vice* was not clerical, as it required legal expertise to review the court rules and to understand the procedures that are required for such admission. Further, Plaintiff notes that her *pro hac vice* admission was entirely necessary, as Attorney Bohr prepared the briefs in this matter while the undersigned counsel was on maternity leave. With respect to the allegedly clerical tasks, Plaintiff points out that the Commissioner has again failed to set forth which specific entries are objectionable, which constitutes grounds for the objection to be denied. *See Agee*, 2017 WL 38888353, at *7. Plaintiff further argues that, while purely clerical tasks such as copying, mailing, forwarding, printing, calendaring, and filing are not compensable as attorneys' fees, *see Miguel J. Rodriguez v. Michael J. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012), preparing a complaint and its supporting documents, communicating with the Court and opposing counsel, reviewing court documents, and effectuating service of process are not clerical tasks. Plaintiff argues that failure to properly handle these tasks could result in deadlines being missed or the case being dismissed, such that it is unreasonable to require the delegation of them to a secretary. Plaintiff further notes that the Commissioner has cited no authority for its proposition that these fees may not be awarded. With respect to communication with the client, Plaintiff asserts that "any client would expect to pay for time spent speaking with his or her attorney," and that thirteen phone calls over approximately forty-one months amounts to one phone call per three months. Thus, Plaintiff argues that this time speaking with her client is imminently reasonable.

With respect to Attorney Bohr's work on being admitted *pro hac vice*, other courts have found it to be reasonable for attorneys' fees to be awarded for such work. *See, e.g. Nicole L. McKinney v. Michael J. Astrue*, NO. 08-309-GWU, 2009 WL 1956457, *3 (E.D. Ky. July 8, 2009). This Court is persuaded by the reasoning that this is necessary work advancing Plaintiff's representation and may be reasonably performed by an attorney who consults the applicable rules of court to effectuate the admission. Thus, the 2.45 hours Attorney Bohr expended on being admitted *pro hac vice* will not be removed from the attorneys' fee award. With respect to the other clerical tasks, the Commissioner has failed to point out which entries are objectionable, and the Court agrees with Plaintiff that they may also be reasonably handled by an attorney to guarantee that the case is proceeding appropriately and no deadlines are missed or requirements neglected. Finally, the Court finds the time expended by Plaintiff's attorneys speaking with her to be a necessary part of her case and does not find such rare communication to be unreasonable. Accordingly, no fees will be deducted as clerical or unnecessary tasks.

### C. *Comparative Fee Awards in EAJA Cases*

Finally, the Commissioner asserts that the fees requested in this case exceed typical fee awards under the EAJA in this District as well as the Eastern District and Middle District of Tennessee. The Commissioner argues that this Court typically awards no more than $4,000.00 in attorneys' fees and that those awards represent far less time spent than Plaintiff claims to have spent on this case. (*See* Commissioner's Response at 2-3 (citing cases)). The United States Court of Appeals for the Sixth Circuit has held that the proper inquiry, however, is "not what is required in *most* social security cases, but what did *this* case require." *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6t Cir. 1987) (emphasis in original). Further, a "boiler-plate

8

formula for fixing attorney's fees . . . does not comply with our requirement for individualized discretion." *Id*. at 21. Accordingly, the Court does not find it to be appropriate to compare the attorneys' fees award in this case with other awards in this District or other districts.

   D. *Supplemental Fee Request*

In Plaintiff's Reply, she further requests $1,193.94 in attorneys' fees for the 6.0 hours spent by Attorney Bohr in filing the Reply. Plaintiff relies upon Attorney Bohr's supplemental declaration (*see* Reply, Exh. 1) and *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990). In *Jean*, the United States Supreme Court considered whether an award of fees for the services rendered during the fee-litigation phase was authorized under the EAJA. *Id*. at 155-166. The *Jean* court held that requesting "'fees for fees'" is authorized under the EAJA because "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Id*. at 166.[1] Accordingly, Plaintiff shall be awarded $1,193.94 in attorneys' fees for the preparation of her Reply filed in opposition to the Commissioner's contest of the fee award.

   E. *Assessment of Federal Debt*

Plaintiff has proposed that, if the Court awards attorneys' fees under the EAJA, the Commissioner will then determine whether Plaintiff owes a debt to the government. If the

---

[1] The only exception to a fee award under the EAJA, including a "'fee for fees'" award, lies in Congress's 1985 amendments to the EAJA, which state that "fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." *Id*. at 159 (citing Pub.L. 99-80, 99 Stat. 185, § 2(c)(2)(B), 28 U.S.C. § 2412(d)(2)(D). This exception has not been argued here. Further, Plaintiff's Reply was filed within eight days of the Commissioner's Response; thus, the Court does not believe there is any basis to conclude that Plaintiff "has unreasonably protracted the proceedings" in requesting supplemental fees. On the contrary, Attorney Bohr's supplemental declaration of fees states that she contacted counsel for the Commissioner prior to filing her Reply regarding a "possible resolution," which was apparently unsuccessful. Plaintiff then filed a Motion for Leave to File Reply, which was not opposed by the Commissioner. (D.E. #24). Attorney Bohr did not request fees for the attempt at out-of-court resolution in advance of filing her Reply.

United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. (*See* Petition for Atty. Fees ¶ 7 & Exh. 1). The Commissioner does not oppose this request. Accordingly, it is so ORDERED that Plaintiff's attorneys' fees be paid in this manner consistent with the assignment.

### III. Conclusion

For the reasons set forth herein, Plaintiff's Petition for Attorney Fees is hereby GRANTED. Plaintiff shall be awarded $12,862.60 in attorneys' fees.

**IT IS SO ORDERED** this 7th day of January, 2019.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE